**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-1435
_____

UNITED STATES OF AMERICA,

v.

ROBERT DALES,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00289-003)
District Judge: Hon. Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2011

BEFORE: FISHER, JORDAN and COWEN , Circuit Judges

(Filed:  April 28, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

Robert Dales appeals from the criminal judgment entered by the United States

District Court for the Eastern District of Pennsylvania.  We will affirm.

I.

Dales, along with three other individuals, was indicted in connection with the January 22, 2008 armed bank robbery of a Bank of America branch in Glenside, Pennsylvania. Dales entered into a standard proffer agreement on August 11, 2008, and he then made statements to the government on the same day as well as on September 5, 2008. However, the case against Dales ultimately went to trial.

Following the defense counsel's opening statement and his cross-examination of several government witnesses, the government filed a written motion to admit the second proffer statement, in which Dales, among other things, confessed to robbing the bank (and, in particular, that he personally held two bank employees at gunpoint near the entrance). After hearing argument from the prosecutor as well as the defense counsel, the District Court granted the motion and, following the conclusion of the trial, provided a written opinion justifying its determination. The statement came into evidence through the testimony of FBI Special Agent Daniel O'Donnell. Agent O'Donnell further indicated that Dales previously lied in his first proffer statement about his whereabouts during the bank robbery, claiming that he was smoking marijuana at home at the time in question.

The jury found Dales guilty of one count of conspiracy to commit armed bank robbery under 18 U.S.C. § 371, one count of armed bank robbery under 18 U.S.C. § 2113(d), and one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). He was then sentenced to a total term of imprisonment of 147 months.

## II.

Dales challenges the admission of his proffer statements in the government's case-in-chief on numerous grounds.[1] He contends, inter alia, that: (1) the admission of such statements violated the Due Process and Confrontation Clauses of the Fifth and Sixth Amendments as well as his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel; (2) the defense counsel's conduct at trial was insufficient to trigger the government's right to introduce these otherwise "off-the-record" statements under the terms of the proffer agreement; (3) the government, by introducing irrelevant or exculpatory evidence through its own DNA witness, was then barred from attempting to use the proffered statements in its case-in-chief; and (4) in any case, the District Court committed reversible error under Federal Rule of Evidence 404(b) by allowing Agent O'Donnell to testify about his use of marijuana and by failing, at the very least, to provide a curative instruction informing the jury that such testimony could not be used for propensity purposes. We, however, must reject these various assertions given the circumstances of this case and prior case law.

The standard proffer agreement signed by Dales and his prior counsel did state that the proffer statements would not be used directly against him in any criminal case, but it also contained, among other things, the following express exception:

> Third, if your client is a witness or party at any trial or other legal
> proceedings and testifies or makes representations through counsel

---

[1] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

materially different from statements made or information provided during the "off-the-record" proffer, the government may cross-examine your client, introduce rebuttal evidence and make representations based on statements made or information provided during the "off-the-record" proffer. This provision helps to assure that your client does not abuse the opportunity for an "off-the-record" proffer, make materially false statements to a government agency, commit perjury or offer false evidence at trial or other legal proceedings.

(SA24)

These proffer agreement provisions, although often phrased in slightly different ways, are quite common, and this Court, among others, has rejected challenges to their enforceability and application. See, e.g., United States v. Hardwick, 544 F.3d 565, 568-72 (3d Cir. 2008). The defense counsel's conduct at trial, in turn, triggered the "representations through counsel" language. In his opening statement as well as his cross-examination of the government's witnesses, he made implicit representations that his client did not actually participate in the bank robbery, thereby contradicting his client's own admission that he, among other things, held two bank employees at bay while his compatriots took money from the teller counter. For instance, the defense attorney indicated during cross-examination that four of the five victims had given descriptions that were inconsistent with his client's own appearance. It has also evidently been the government's position that the statement about smoking marijuana at the time of the bank robbery was a total fabrication, and the statement itself was thereby offered at trial merely in order to explain the circumstances surrounding the eventual confession by Dales. We further note that both Dales and his trial counsel were on notice of the terms of the proffer agreement, the government filed a written motion for leave to admit the

4

proffer statement into evidence, and the District Court then heard argument on this matter from both sides before rendering its ruling in favor of the government.

We likewise determine that the remaining arguments advanced by Dales on appeal are without merit. Dales argues that the District Court was required to sequester Agent O'Donnell, but he also acknowledges that such a theory is contrary to the relevant case law as well as the Senate Committee Report for Federal Rule of Evidence 615. We further note that the prosecutor did not improperly vouch for the credibility of a cooperating defendant (William Matthews) because, among other things, the prosecutor never based any assurances "on either [her] claimed personal knowledge or other information not contained in the record." United States v. Lore, 430 F.3d 190, 211 (3d Cir. 2005) (citation omitted). Finally, Dales fails to establish that the District Court committed plain error with respect to the prosecutor's closing argument, especially in light of the government's reasonable explanation that the surveillance tape evidence indicated that the person identified as Dales was taller and heavier than the other robbers.

IV.

For the foregoing reasons, we will affirm the District Court's criminal judgment.[2]

---

[2] We further grant the government's motion for leave to file a supplemental appendix under seal.